UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION


| | | |
|---|---|---|
| **EDWARD L. CHRISTIEN** | : | **CIVIL ACTION NO. 2:13-cv-2835** |
| #485782 | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **WARDEN, AVOYELLES CORRECTIONAL** | | |
| **CENTER a/k/a LYNN COOPER** | : | **MAGISTRATE JUDGE KAY** |


### REPORT AND RECOMMENDATION

Before the court is a writ of *habeas corpus* filed, *pro se*, pursuant to 28 U.S.C. § 2254 by petitioner, Edward L. Christien (hereinafter "Christien"), an inmate in custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana, and herein challenges his 2007 convictions for armed robbery and aggravated burglary as well as the sentences imposed as a result thereof.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### I.
### BACKGROUND

In October of 2007 Christien pled guilty to the aforementioned charges before a judge sitting in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana.  Doc. 1, att. 1, p. 1. He was sentenced on January 16, 2008, to a sentence of twenty-five years imprisonment at hard labor without the benefit of probation, parole or suspension of sentence on the armed robbery charge and thirty years imprisonment at hard labor for the aggravated burglary charge, the sentences to run concurrently. *State v. Christien*, 29 So.3d 696, 697 (La. App. 3 Cir. 2/3/10).  The

trial court suspended five years of the sentence on the burglary charge and imposed five years of supervised probation following release from custody. *Id.*

Christien filed a motion to reconsider sentence which was denied on January 24, 2009. *Id*. at 698. He also filed for and was granted post-conviction relief seeking an out-of-time appeal. *Id*. On appeal to the Louisiana Third Circuit Court of Appeal, Christien asserted error in the trial court's denial of his motion to reconsider, excessiveness of sentence, and ineffective assistance of counsel based on his attorney's failure to object to the State's breach of the plea agreement. *Id*. Specifically, he states that the parties agreed to a recommended sentence of ten years on each charge to run concurrently. *Id*. at 700. On February 3, 2010, the Third Circuit affirmed the sentences but remanded the matter to the trial court for an evidentiary hearing on the issue of ineffective assistance of counsel. *Id*. at 702.

Following an evidentiary hearing held on May 14, 2010, the trial court denied Christien's ineffective assistance claims. Doc. 1, att. 1, p. 2. He states that he sought further review with the Louisiana Court of Appeal and the Louisiana Supreme Court, and that both courts denied relief. *Id;* however, he failed to comply with the court's memorandum order [doc. 7] instructing him to provide copies of the filings and/or date on which they were filed and subsequently denied. *See* Christien's Amended Complaint [doc. 8]. However, on May 27, 2010, Christien filed a motion to enforce the Third Circuit's February 3, 2010, ruling remanding the matter for an evidentiary hearing. Doc. 8, att. 1, pp. 153-154. On June 15, 2010, finding that his application for post-conviction relief had been denied in open court during the May 14, 2010, evidentiary hearing, the court denied defendant's motion. *Id.* at 154.

Christien filed a second application for post-conviction relief on August 2, 2011. Doc. 8, att. 1, pp. 129-150. The trial court denied the application on October 19, 2011. *Id.* at 151. He

appealed the denial to the Third Circuit Court of Appeal on November 21, 2011, and it was denied by that court on August 17, 2012. *Id.* at 155-156. On September 18, 2012, Christien filed an application for supervisory and/or remedial writs in the Louisiana Supreme Court. *Id.* at 158. His writ application was denied on February 22, 2013. *Id.* at 159, *State ex rel. Christien v. State*, 108 So.3d 764 (La. 2013).

Christien filed the instant *habeas* petition in this court on October 8, 2013. He seeks relief based on the following assertions: (1) that his plea was involuntary because he was misled by his attorney, the district attorney, and by the court; (2) that charging him with both aggravated burglary and armed robbery based on the same set of facts violated his constitutional rights against double jeopardy; and, (3) that he received ineffective assistance of counsel due to his attorney's failure to provide him with relevant facts and law pertaining to his case. Doc. 1, att. 1, pp. 3-9. Furthermore, he includes within his double jeopardy claim is an allegation that the factual basis provided during his guilty plea hearing was insufficient to establish the necessary elements of the crime of armed robbery. *Id*.

Christien filed the instant petition seeking to have us vacate his sentences and convictions or remand the case for re-sentencing in conformity with the ten year plea agreement entered into by all parties. *Id*. at 10.

## II.
## Law and Analysis

### 1. *Timeliness under § 2244(d)(1)(A)*

Since this petition was filed after the April, 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), the court must apply the timeliness provisions of the AEDPA. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 1999); *In re Smith,* 142 F.3d 832, 834 (5th Cir. 1998) (citing *Lindh v. Murphy,* 521 U.S. 320, 336 (1997). The AEDPA

amended 28 U.S.C. § 2244(d)(1)(A) to provide for a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by a person in custody pursuant to the judgment of a state court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review... ." 28 U.S.C. § 2244(d)(1)(A).

The statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *See Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998). However, any lapse of time before the proper filing of an application for post-conviction relief is counted, and the limitations period is only tolled while the application remains pending. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Here, Christien was allowed to file an out-of-time appeal. He filed same with the Third Circuit Court of Appeal on August 21, 2009. The appeal was denied on February 3, 2010, but the Third Circuit Court of Appeal ordered that the matter be remanded to the trial court for an evidentiary hearing. That evidentiary hearing was held on May 14, 2010, and the trial court denied relief, noting that Christien's guilty plea acted as a waiver of all non-jurisdictional pre-plea defects, including ineffective assistance of counsel. Despite the fact that the evidentiary hearing was held as ordered, Christien nevertheless filed a motion to enforce the ruling ordering the evidentiary hearing. The Third Circuit Court of Appeal denied the motion on June 15, 2010.

Christien did not seek further review in the Louisiana Supreme Court. Thus, his judgment of conviction "became final by the ... expiration of the time for seeking ... such review" [28 U.S.C.

§ 2244(d)(1)(A)], on or about July 15, 2010, when the thirty-day period for seeking further direct review in the Louisiana Supreme Court expired. Accordingly, the limitations period began to run on July 15, 2010, and he had one year, or until July 15, 2011, to file a timely petition for *habeas corpus* in federal court. Christien did not file a federal petition within this time period. While he did seek post-conviction relief in the state trial court on August 5, 2011, the one-year period of limitation had already expired.

Further, even assuming that Christien had filed his application for post-conviction relief days (or even months) before the expiration of the one-year limitations period, his petition would still be time-barred under the provisions of the AEDPA. As previously noted, he filed the instant *habeas corpus* petition on October 8, 2013. The Louisiana Supreme Court denied writs on his application for post-conviction relief on February 22, 2013, some seven and a half months before the instant petition was filed. Clearly, it is untimely.

## 2. *Equitable Tolling*

The one-year limitations period is subject to equitable tolling, but only in "rare and exceptional" cases. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling applies "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). As noted by the Supreme Court, "[t]o be entitled to equitable tolling, [a petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented

timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The circumstances alleged herein do not support equitable tolling. The pleadings do not suggest that Christien was actively misled nor do they suggest that he was otherwise prevented in some extraordinary way from asserting his rights. Accordingly, this petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A) and equitable tolling does not apply.

### III.
#### CONCLUSION

In the absence of any evidence warranting statutory or equitable tolling, the court finds that Christien's *habeas* petition is time-barred by 28 U.S.C. § 2244(d)(1)(A) and should be dismissed with prejudice. Therefore, **IT IS RECOMMENDED** that this petition for a writ of *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because Christien's claims are barred by the one-year limitations period codified in 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 3rd day of September, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE